IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE DUSTIN,<br><br>        Plaintiff,<br><br>    v.<br><br>W. BLAKELY, et al.,<br><br>        Defendants. | No. 2:19-CV-0672-MCE-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's complaint (ECF No. 1) and Plaintiff's motion for court intervention. (ECF No. 10). In Plaintiff's complaint he attempts to allege a multitude of constitutional and statutory violations.

**I. SCREENING REQUIREMENT AND STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

**II. PLAINTIFF'S ALLEGATIONS**

Plaintiff named 45 Defendants and appears to allege no less than 27 claims. Plaintiff's complaint is extremely difficult to read due to the size and quality of the handwriting. The complaint is also difficult to understand because it is largely written in a stream of consciousness narrative that is difficult to follow and difficult to interpret. Plaintiff seems to allege several alleged First Amendment violations including violations of his right to associate with Hispanics and not "gang banging wannabes," his right to religion, his right to kosher meals, his right to legal material, and a challenge to mail procedures. Plaintiff also appears to allege various alleged due process violations related to rules violations and falsification of documents.

Plaintiff also alleges several Eighth Amendment violations that seem to stem from his time in the "SHU", possible denial of an accessible shower, and what appears to be an allegation of improper medical care related to his need for gloves. Additionally, Plaintiff alleges violations of the Americans with Disabilities Act ("ADA") based on his need for an accessible shower. Plaintiff also alleges violations of his equal protection rights under the Fourteenth Amendment, though it is unclear how this right was violated. Plaintiff's remaining claims are miscellaneous and not attached a specific constitutional or statutory right.

### III. ANALYSIS

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because a plaintiff must allege, with at least some degree of particularity, overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

Here, Plaintiff's complaint fails to meet the Rule 8 pleading requirements. First, Plaintiff's complaint is neither short nor plain. As noted above the complaint is extremely difficult to read, interpret, and understand due to the quality of the handwriting and the meandering narrative format. The result is a long, verbose document that does not clearly show that Plaintiff is entitled to relief or state the claims simply, concisely, and directly. Further, many of the claims do not identify the alleged right that was violated. Other claims fail to indicate

which Defendant, if any, violated the alleged right, making it impossible to know which Defendant allegedly violated which right. Because Plaintiff's complaint fails to state the claims simply concisely, and directly, and further fails to link the Defendants with the alleged constitutional violations, Plaintiff has failed to satisfy the Rule 8 pleading standard. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996); Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). For that reason, Plaintiff's complaint cannot proceed past screening. However, Plaintiff will be provided an opportunity to amend.

## IV. AMENDING THE COMPLAINT

Because may be possible that some of the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

///
///
///

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

## V.  MOTION FOR COURT INTERVENTION

Plaintiff's motion for court intervention is largely an additional civil rights claim. Plaintiff appears to be asserting a new claim related to his treatment by several of the correctional officers and their failure to protect him. As the Court is providing Plaintiff leave to amend, Plaintiff will be able to add these claims, if he so chooses, to his first amended complaint. As such, Plaintiff's motion for court intervention is denied.

## VI.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint (ECF No. 1) is DISMISSED with leave to amend;
2. Plaintiff shall file a first amended complaint within 30 days of the date of service of this order; and
3. Plaintiff's Motion for court intervention (ECF No. 10) is DENIED.

Dated:  September 9, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE